# EXHIBIT B

**1811-CC00155**

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

## IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | |
|---|---|
| **KATHRYN THYNE, individually** ) | |
| **and on behalf of all others** ) | |
| **similarly situated,** ) | |
| ) | |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **NEAR DIRECT,** ) | |
| ) | |
|    **Serve:** ) | |
|    **Person in Charge** ) | |
|    **1504 NW Vivion Road** ) | |
|    **Kansas City, MO 64118** ) | |
| ) | |
| **Defendant.** ) | |

### CLASS ACTION PETITION

Plaintiff Kathryn Thyne brings this junk-fax class action, on behalf of herself and all others similarly situated, against Defendant Near Direct under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Kathryn Thyne is a natural person residing in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(39).

2.      Defendant Near Direct is a marketing company and is a "person" as defined by 47 U.S.C. § 153(39).

3.      On its website, Defendant lists a Missouri address. https://www.neardirect.com/contact-us/ (last visited Feb. 13, 2018).

4.      Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very foreign corporation now doing business in or which may hereafter do business in this state

1

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

5.     Defendant does not have a certificate of authority issued by the Missouri Secretary of State to transact business in Missouri.

6.     This Court has personal jurisdiction over Defendant under 47 U.S.C. § 227(b)(3), because Defendant can be found in Missouri, Defendant transacts business within this state, Defendant has made illegal telephone calls from or into this state, Defendant has committed tortious acts within this state, including invasion of privacy, or Defendant otherwise has sufficient minimum contacts with this state.

## FACTUAL ALLEGATIONS

7.     Beginning around July 2016, Near Direct contacted Plaintiff Thyne on her number ending in -2196 in an effort to sell or solicit its services.

8.     Near Direct used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its daily calls to Plaintiff seeking to sell or solicit its business services.

9.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

10.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

11.     Plaintiff is not a customer of Defendant and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose.

12.     Plaintiff told Defendant at least once to stop contacting Plaintiff and

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

Plaintiff has been registered on the Do-Not-Call Registry for at least thirty days prior to Defendant's contacting Plaintiff.

13.     More than once, Plaintiff informed Defendant to stop calling Plaintiff.

14.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

**CLASS ALLEGATIONS**

15.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

16.     The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls from 4 years prior to the filing of this Petition to date.

17.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship with Defendant, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any 12-month period, from 4 years prior to the filing of this Petition to date.

18.     Plaintiff represents, and is a members of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Petition.

19.     Plaintiff represents, and is a members of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the Petition.

20.     Defendant, its employees, and its agents are excluded from The Classes.

21.     Plaintiff does not know the precise number of members in The Classes, but believes the Classes' members number in the thousands, if not more; thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22.     The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that The Classes includes thousands of members and that The Classes members may be ascertained by the records maintained by Defendant.

23.     Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

24.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Petition, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

15.     As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

16.     Plaintiff and members of The DNC Class were harmed by Defendant's acts

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class members were damaged thereby.

17.     Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Petition, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.     Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.     Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

18.     As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent, and who did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

19.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained counsel experienced in the prosecution of class actions, including approximately 100 TCPA class actions.

20.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

21.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## COUNT I
### Negligent Violations of the TCPA, 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

23.     Plaintiff repeats and incorporates by reference the allegations set forth

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

above at Paragraphs 1-22.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

25.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**
**Knowing or Willful Violations of the TCPA, 47 U.S.C. § 227(b)**
**On Behalf of the ATDS Class**

27.     Plaintiff repeats and incorporates by reference the allegations set forth above at Paragraphs 1-26.

28.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

29.     As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227(b), Plaintiff  and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

## COUNT III
## Negligent Violations of the TCPA, 47 U.S.C. § 227(c)
## On Behalf of the DNC Class

31.     Plaintiff repeats and incorporates by reference the allegations set forth above at Paragraphs 1-30.

32.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

33.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

34.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
## Knowing or Willful Violations of the TCPA, 47 U.S.C. § 227(c)
## On Behalf of the DNC Class

35.     Plaintiff repeats and incorporates by reference the allegations set forth above at Paragraphs 1-34.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

37.     As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

38.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### COUNT I
### Negligent Violations of the TCPA, 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

- Any and all other relief that the Court deems just and proper.

### COUNT II
### Knowing or Willful Violations of the TCPA, 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

- As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

### COUNT III
### Negligent Violations of the TCPA, 47 U.S.C. § 227(c)
### On Behalf of the DNC Class

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiffs and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

Electronically Filed - St Charles Circuit Div - February 13, 2018 - 03:34 PM

- Any and all other relief that the Court deems just and proper.

**COUNT IV**
**Knowing or Willful Violations of the TCPA, 47 U.S.C. § 227(c)**
**On Behalf of the DNC Class**

- As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227(c)(5), Plaintiffs and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

Any and all other relief that the Court deems just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of advertisements as alleged herein.

February 13, 2018

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005
    636-537-4645
    Fax:  636-537-2599
    reisenberg@sl-lawyers.com

    *Attorney for Plaintiff*



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1811-CC00155 |
|---|---|
| Plaintiff/Petitioner:<br>KATHRYN THYNE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> NEAR DIRECT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | NEAR DIRECT |
|---|---|
| **1504 NW VIVION ROAD**<br>**KANSAS CITY, MO  64118** | **Alias:** |

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____2/15/2018_____          _____/S/ Judy Zerr_____
            Date                                                                       Clerk

*ST. CHARLES COUNTY*

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
            Printed Name of Sheriff or Server                                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                        Date                                                                Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Charles Circuit Div - March 05, 2018 - 03:26 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | | |
|---|---|---|
| **KATHRYN THYNE, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **No. 1811-CC00155** |
| **v.** | ) ) | **Div. 7** |
| **NEAR DIRECT,** | ) ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANT**

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summons and petition on Defendant be extended to 90 days from issuance of the summons on February 15, 2018.  Defendant resides outside of this circuit and Plaintiff accidentally forwarded the summons to the wrong sheriff.  The new service deadline would be May 16, 2018

SO ORDERED THIS ____ DAY OF MARCH, 2018

_____
Hon. Daniel G. Pelikan, Circuit Judge

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO  63005
    636-537-4645
    Fax:  636-537-2599
    reisenberg@sl-lawyers.com
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**
The above-signed certifies that this motion was eFiled on March 5, 2018

Electronically Filed - St Charles Circuit Div - March 05, 2018 - 03:26 PM

# IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
### COUNTY OF ST. CHARLES

| | | |
|---|---|---|
| **KATHRYN THYNE, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | No. 1811-CC00155 |
| **v.** | ) ) | Div. 7 |
| **NEAR DIRECT,** | ) ) | |
| **Defendant.** | ) ) | |

**FILED**

**MAR 0 6 2018**

**JUDY ZERR**
**CIRCUIT CLERK**
**ST. CHARLES CO.**

## PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANT

Plaintiff, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summons and petition on Defendant be extended to 90 days from issuance of the summons on February 15, 2018. Defendant resides outside of this circuit and Plaintiff accidentally forwarded the summons to the wrong sheriff. The new service deadline would be May 16, 2018

SO ORDERED THIS ___ DAY OF MARCH, 2018

_____
Hon. Daniel G. Pelikan, Circuit Judge

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE
The above-signed certifies that this motion was eFiled on March 5, 2018

1



**IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI**

# FILED

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1811-CC00155 |
| Plaintiff/Petitioner:<br>KATHRYN THYNE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>NEAR DIRECT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | |

APR 05 2018

JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **NEAR DIRECT**
Alias:

**1504 NW VIVION ROAD
KANSAS CITY, MO 64118**

*COURT SEAL OF*

*(seal) CIRCUIT COURT OF MISSOURI*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____2/15/2018_____        _____/S/ Judy Zerr_____
Date                                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Amber Bulton_ (name) _Ast Director_ (title).
☐ other _____
Served at _1508 NW Vivion Rd #345, KCMO 64118_ (address)
in _Clay_ (County/City of St. Louis), MO, on _3/28/18_ (date) at _1420_ (time).
_Dep M Gentry #8231_                    _M Gentry_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
Date                                        Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _40.00_ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ _10.00_ | |
| Mileage | $ _____ | _____ miles @ $.____ per mile) |
| **Total** | $ _50.00_ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

1802462